ORIGINAL FILED

2012 MAR 12 A 11: 42

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

1   Rosemary M. Rivas (State Bar No. 209147)
    rrivas@finkelsteinthompson.com
2   Danielle A. Stoumbos (State Bar No. 264784)
    dstoumbos@finkelsteinthompson.com
3   **FINKELSTEIN THOMPSON LLP**
4   100 Bush Street, Suite 1450
    San Francisco, California 94104
5   Telephone: (415) 398-8700
    Facsimile: (415) 398-8704
6

7   *Counsel for Individual and Representative*
    *Plaintiff Kevin Anderson*            E-filing
8

9

10                  **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12
    KEVIN ANDERSON, on behalf of himself and all    Case No.
13  others similarly situated,                       CV 12  1213

14                                                   **CLASS ACTION**
                    Plaintiff,
15                                                   **COMPLAINT**
             vs.
16                                                   **JURY TRIAL DEMANDED** YGR
    JAMBA JUICE COMPANY,
17
                    Defendant.
18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────
                    CLASS ACTION COMPLAINT

Plaintiff Kevin Anderson ("Plaintiff") by and through his counsel, brings this class action against Jamba Juice Company ("Jamba Juice" or "Defendant"), on behalf of himself and all others similarly situated, and alleges the following upon personal knowledge as to his own experience, and based upon information and belief and the investigation of his counsel as to all other matters:

## NATURE OF THE CASE

1.     In recent years, consumers have become willing to pay a premium for beverages that they perceive to be healthy, organic and/or natural.  As a result, the market for beverages labeled as "all natural" has grown rapidly, yielding millions of dollars in revenue for beverage manufacturers.

2.     Founded in 1990, with a mission to promote healthy living, and promoting its products as premium "better for you," blended beverages, Jamba Juice is a leading healthy food and beverage retailer.  Its retail locations offer fruit smoothies, fresh squeezed juices, teas/ lattes, organic steel cut oatmeal, wraps, salads, sandwiches, and a variety of baked goods and snacks to consumers on-the-go. In 2009, Defendant implemented expansion plans to transform the company "from a made-to-order smoothie company to a healthy, active lifestyle brand."[1]  Since that time, Defendant has introduced consumer at-home products including frozen novelty bars and smoothie kits.  Defendant's smoothie kits are at issue in this case.

3.     In line with Defendant's healthy, "better for you" marketing and sales approach, Defendant's at-home smoothie kits are each prominently labeled as "All Natural," and are available in 5 flavors: Mango-a-go-go, Strawberries Wild, Caribbean Passion, Orange Dream Machine, and Razzmatazz (hereafter, "smoothie kits").  The smoothie kits, however, are not "All Natural" because they contain unnaturally processed, synthetic and/or non-natural ingredients, as set forth below in Paragraphs 18-21.  Defendant markets its products in this manner to this day on its website at www.jambajuice.com and on the smoothie kits themselves.

4.     Reasonable consumers such as Plaintiff do not have the specialized knowledge necessary to identify ingredients in the smoothie kits as being inconsistent with the "All Natural" claims.

---

[1] http://www.sec.gov/Archives/edgar/data/1316898/000119312511065996/d10k.htm

1

5.      Defendant knows that consumers are willing to pay for natural, healthy products, and advertises its products with the intention that consumers rely on the representations made on the front of the packaging. Defendant also knows that its labeling claims and omissions are false, deceptive, and likely to mislead reasonable consumers.

6.      Plaintiff read and relied on the representations that Defendant made on the smoothie kits that they were "All Natural."

7.      As a result of Defendant's false, deceptive, and misleading advertising, Plaintiff and consumers did not receive the benefit of their bargain when they purchased the smoothie kits. They paid money for a product that is not what it claims to be.

8.      Plaintiff brings claims for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* Plaintiff seeks an order requiring Defendant to, among other things: (1) cease the unlawful marketing alleged herein; (2) conduct a corrective advertising campaign; and (3) pay restitution to Plaintiff and Class members in the amounts paid to purchase the products at issue.

## JURISDICTION AND VENUE

9.      Defendant is engaged in inter-state commerce or activity affecting inter-state commerce. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because Plaintiff and Class members are of diverse citizenship from the Defendant; there are more than 100 Class members nationwide; and the aggregate amount in controversy exceeds $5,000,000.

10.     This Court has personal jurisdiction over the parties because, among other things, Defendant is headquartered in this Judicial District, is engaged in illegal schemes and acts directed at, and that had the intended effect of causing injury to persons residing in, located in, or doing business in this Judicial District, and throughout the United States. Defendant is present in this Judicial District and/or conducts substantial business in this Judicial District, and/or has had extensive, systematic and

2

CLASS ACTION COMPLAINT

continuous contacts with this state, and/or a substantial part of the actions which gave rise to Plaintiff's causes of action occurred in or emanated from this Judicial District.

11.     Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendant resides in this District, a substantial part of the events or omissions giving rise to the claim occurred within this District, and Defendant has caused harm to Class members residing within this District.

## PARTIES

12.     Plaintiff Kevin Anderson is a resident and citizen of San Bernardino, California. In or around December 2011, he purchased Mango-a-go-go and Razzmatazz smoothie kits at Food 4 Less, 109 North McKinley Street, Corona, California, 92879. Plaintiff relied on the representations that the smoothie kits were "All Natural." These representations were material to Plaintiff and played a substantial part in influencing his decision to buy the smoothie kits. The smoothie kits Plaintiff bought, however, did not contain only "All Natural" ingredients.

13.     Defendant Jamba Juice Company is a Delaware corporation with its principal place of business at 6475 Christie Avenue, Suite 150, Emeryville, California 94608. Jamba Juice owns and operates retail locations, offering fruit smoothies, fresh squeezed juices, teas/ lattes, organic steel cut oatmeal, wraps, salads, sandwiches, and a variety of baked goods and snacks on-the-go.

14.     Additionally, Jamba Juice has expanded its brand into the retail consumer packaged goods market and since at least June 2010, has marketed and advertised at-home smoothie kits available for purchase at supermarkets, big box stores, and whole-sale clubs nationwide, including but not limited to, Target, Walmart, Kroger, Costco Wholesale, Safeway, Albertsons and Food 4 Less.

## SUBSTANTIVE ALLEGATIONS

### Jamba Juice's Smoothie Kits Contain Non-Natural and Synthetic Substances

15.     The dictionary defines the term "natural" as "existing in or produced by nature: not artificial."[2] This common dictionary definition of the term "natural" is consistent with the expectations of a reasonable consumer.

---

[2] WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 788 (1990).

CLASS ACTION COMPLAINT

16.     Thus, a reasonable consumer would not consider food products containing unnaturally processed, synthetic substances, or substances created via chemical processing, to be "All Natural."

17.     The smoothie kits contain one or more of the following ingredients (collectively "Deceptively Labeled Ingredients") that are synthetic or created via chemical processing, and therefore belie claims that the products containing them are "All Natural". Attached as Exhibits A-E are the smoothie kit package and ingredient lists reflecting the following ingredients, among others:

18.     **ASCORBIC ACID**: Ascorbic acid occurs naturally in certain foods as Vitamin C, or L-ascorbic acid. However, ascorbic acid is produced commercially and used as a food additive. It is considered to be synthetic by federal regulation. 7 CFR § 205.605(b). Ascorbic acid used in foods is not naturally-occurring because it is synthesized through a process known as the Reichstein Process. The Reichstein Process uses the following steps: (1) hydrogenation of D-glucose to D-sorbitol, an organic reaction with nickel as a catalyst under high temperature and high pressure; (2) Microbial oxidation or fermentation of sorbitol to L-sorbose with acetobacter at pH 4-6 and 30° C; (3) protection of the 4 hydroxyl groups in sorbose by formation of the acetal with acetone and an acid to Diacetone-L-sorbose (2,3:4,6−Diisopropyliden−α−L−sorbose); (4) Organic oxidation with potassium permanganate followed by heating with water to yield 2-Keto-L-gulonic acid; and (5) a ring-closing step or gamma lactonization with removal of water. In recent years, Chinese chemists have developed a simplification of the Reichstein Process that substitutes biological oxidation using genetically engineered microorganisms for chemical oxidation. This manufacturing process places it outside of a reasonable consumer's definition of "All Natural."

19.     **CITRIC ACID**: Citric acid is a commodity chemical, and more than a million tons are produced each year. Industrially, it is produced by mycological fermentation (an enzyme is added and then completely removed during the recovery and purification process, 21 C.F.R. § 173.160), or by a solvent extraction process. 21 C.F.R. § 184.1033. The solvents are composed of alcohol, synthetic isoparaffinic petroleum hydrocarbons and tridodecyl amine. *Id.* 21 C.F.R. § 173.280.

20.     **XANTHAN GUM**: Xanthan gum is a polysaccharide derived from the bacterial coat of the Xanthomonas campesris bacterium. Although derived from a natural bacterium, Xanthan gum is

commercially manufactured as a sodium, potassium or calcium salt and is considered to be synthetic by federal regulation.  7 C.F.R. § 205.605(b).  Xanthan gum is used in food products such as beverages as a thickening or stabilizing agent, and as an emulsifier in salad dressings.

21.     **STEVIOL GLYCOSIDES**:  Steviol Glycosides are produced by their extraction from Stevia rebaudiana plants, commonly referred to as the stevia plant, and are used as a sweetener. Although there are numerous extraction methods, some involve adding chloroform or hexane to dried plant leaves.  Impurities on the plants are removed by centrifugation, press filtration and membrane filtration.  Flocculants such as calcium hydroxide and aluminum sulfate may be used to facilitate the removal of undesired accompanying substances.  Steviol glycosides are then demineralized and decolorized with ion exchangers and spray dried.  Additionally, some steviol glycosides are enriched by recrystallization in hot ethanol.  The crystals are then separated with centrifugation, micro-filtered and spray dried.  At times, concentrated solutions of hydrochloric acid and sodium hydroxide are used to regenerate ion exchange resins.

22.     Defendant is well aware of consumer tendencies to seek out healthy food labeled as "all natural,"and takes advantage of them to mislead consumers.  Defendant displays its "All Natural" claims in prominent print and conspicuous locations, on the front of the smoothie kits package.  By contrast, Defendant hides references to Deceptively Labeled Ingredients in fine print, in an inconspicuous location on the label.

23.     The result is a labeling scheme that is designed to mislead consumers, and which does so effectively.

24.     By engaging in this deceptive scheme, Defendant reaps increased profits by playing on consumers' desires for all natural fruit beverages, while foregoing the additional expense of actually providing beverages that are free of non-natural, synthetic and/or chemically processed ingredients.

## CLASS ACTION ALLEGATIONS

25.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiff seeks certification of a class initially defined as follows:

CLASS ACTION COMPLAINT

All persons in the United States who bought one of the following Jamba Juice smoothie kit products: Mango-a-go-go, Strawberries Wild, Caribbean Passion, Orange Dream Machine, and Razzmatazz.

26.     Excluded from the Class are Defendant and its subsidiaries and affiliates, Defendant's executives, board members, legal counsel, and their immediate families.

27.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues after having the opportunity to conduct discovery.

28.     _Numerosity_.  Fed. R. Civ. P. 23(a)(1).  The potential members of the Class as defined are so numerous that joinder of all members is unfeasible and not practicable.  While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that many thousands of consumers have purchased one or more of the smoothie kits.

29.     _Commonality_.  Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

a.     Whether Defendant misrepresented the smoothie kits as "All Natural";

b.     Whether Defendant violated California Civil Code §§ 1750, _et seq_.;

c.     Whether Defendant violated California Business and Professions Code §§ 17500, _et seq_.;

d.     Whether Defendant violated California Business and Professions Code §§ 17200, _et seq_.; and

e.     The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

30.     _Typicality_.  Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of the claims of the Class.  Plaintiff and Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendant's unlawful conduct.

CLASS ACTION COMPLAINT

31.     Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff's Counsel is competent and experienced in litigating class actions.

32.     Superiority of Class Action. Fed. R. Civ. P. 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable.  Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein.  There will be no difficulty in the management of this action as a class action.

33.     Injunctive and Declaratory Relief. Fed. R. Civ. P. 23(b)(2).  Defendant's actions regarding the packaging and labeling of the smoothie kits are uniform as to members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief as requested herein is appropriate respecting the Class as a whole.

## FIRST CAUSE OF ACTION

### California Consumers Legal Remedies Act – Cal. Civ. Code §§ 1750, *et seq.*

34.     Plaintiff incorporates by reference and realleges all previous paragraphs.

35.     Defendant is a "person" within the meaning of California Civil Code §§ 1761(c) and 1770, and provides "goods" within the meaning of Civil Code §§ 1761(a) and 1770.  Defendant's customers, including Plaintiff and Class members, are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770.  Each purchase of Defendant's smoothie kits by Plaintiff and each Class member constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

36.     The Consumers Legal Remedies Act makes it unlawful for a company to:

(a)     Represent that goods have characteristics or ingredients which they do not have. Cal. Civ. Code § 1770(a)(5);

(b)     Represent that goods are of a particular standard, quality, or grade, if they are of another.  Cal. Civ. Code § 1770(a)(7); and

(c)     Advertise goods with intent not to sell them as advertised.  Cal. Civ. Code § 1770(a)(9).

CLASS ACTION COMPLAINT

37.     Defendant violated these provisions by intentionally representing that the smoothie kits are "All Natural," when they are not.

38.     Plaintiff reasonably relied on Defendant's misrepresentations and omissions.

39.     As a direct and proximate result of Defendant's violations, Plaintiff suffered injury in fact and lost money.

40.     Plaintiff, on behalf of himself and all others similarly situated, seeks injunctive relief in the form of an order prohibiting Defendant from engaging in the misconduct described herein and requiring Defendant to perform a corrective advertising campaign.

41.     Plaintiff will comply with California Civil Code § 1782(a) by serving a preliminary notice before seeking damages under the Consumers Legal Remedies Act. If Defendant does not comply with the demand set forth in Plaintiff's notice, he will amend this complaint to seek damages.

42.     Attached hereto as Exhibit F is an affidavit in compliance with Cal. Civil Code § 1780(d).

## SECOND CAUSE OF ACTION

### California False Advertising Law – Cal. Bus. & Prof. Code §§ 17500, *et seq.*

43.     Plaintiff incorporates by reference and realleges all previous paragraphs. Defendant engaged in unlawful, unfair, and/or fraudulent conduct under California Business & Professional Code §§ 17500, *et seq.*, by representing that the smoothie kits are "All Natural," when they are not.

44.     Defendant committed such violations of the False Advertising Law with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

45.     Plaintiff reasonably relied on Defendant's representations and/or omissions made in violation of California Business & Professional Code §§ 17500, *et seq.*

46.     As a result of Defendant's violations, Plaintiff suffered injury in fact and lost money.

47.     Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks equitable relief in the form of an order requiring Defendant to refund Plaintiff and Class members all monies they paid for the smoothie kits, and injunctive relief in the form of an order prohibiting

8

CLASS ACTION COMPLAINT

Defendant from engaging in the alleged misconduct described herein, and requiring Defendant to perform a corrective advertising campaign.

## THIRD CAUSE OF ACTION

### California Unfair Competition Law – Cal. Bus. & Prof. Code §§ 17200, *et seq.*

48.    Plaintiff incorporates by reference and realleges all previous paragraphs. Defendant engaged in unlawful, unfair, and/or fraudulent conduct under California Business & Professional Code §§ 17200, *et seq.*, by representing that the smoothie kits are "All Natural," when they are not.

49.    Defendant's conduct is unlawful in that it violates the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*, the False Advertising Law, California Business & Professions Code §§ 17500, *et seq.* and California's Sherman Food, Drug & Cosmetic Law, California Health and Safety Code § 109875 *et seq.* including but not limited to §§ 110290, 110390, 110395, 110398, 110400, and 110660.

50.    Defendant's conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members.  The harm to Plaintiff and Class members arising from Defendant's conduct outweighs any legitimate benefit Defendant derived from the conduct.  Defendant's conduct undermines and violates the stated spirit and policies underlying the Consumers Legal Remedies Act and False Advertising Law, as alleged herein.

51.    Defendant's conduct is fraudulent in that Defendant's misrepresentations and omissions are likely to mislead a reasonable consumer.

52.    Plaintiff relied on Defendant's misrepresentations and omissions.

53.    As a direct result of Defendant's violations, Plaintiff suffered injury in fact and lost money.

54.    Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks equitable relief in the form of an order requiring Defendant to refund Plaintiff and Class members all monies they paid for the smoothie kits, and injunctive relief in the form of an order prohibiting

Defendant from engaging in the alleged misconduct described herein, and requiring Defendant to perform a corrective advertising campaign.

**WHEREFORE**, Plaintiff, on behalf of himself and Class members, prays for relief as follows:

A.    For an order that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed Class representative, and that Plaintiff's counsel be appointed as counsel for the Class;

B.    For an order under the FAL and/or UCL requiring Defendant to refund Plaintiff and all Class members for the money they paid for the smoothie kits;

C.    For an order prohibiting Defendant from engaging in the misconduct described herein and requiring it to perform a corrective advertising campaign;

D.    For an award of attorneys' fees;

E.    For an award of the costs of suit incurred herein, including expert witness fees;

F.    For an award of interest, including prejudgment interest, at the legal rate; and

G.    For such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all claims so triable.

DATED:    March 12, 2012          **FINKELSTEIN THOMPSON LLP**

By: _Rosemary Rivas_
Rosemary Rivas
Danielle Stoumbos
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Counsel for Individual and Representative Plaintiff Kevin Anderson*

10

CLASS ACTION COMPLAINT

# EXHIBIT A

# Caribbean Passion®



**Nutrition Facts** ☒

Caribbean Passion®

**Serving Size:** 1/2 pouch (113g) 8 fl oz prepared

| | As Packaged | % Daily Value** Prepared* |
|---|---|---|
| Servings per container: 2 | | |
| Calories | 70 | 120 |
|  Calories From Fat | 0 | 5 |
| Total Fat 0g | 0% | 1% |
|  Saturated Fat 0g | 0% | 0% |
|  Trans Fat 0g | | |
| Cholesterol 0mg | 0% | 0% |
| Sodium 20mg | 1% | 1% |
| Total Carbohydrates 16g | 5% | 10% |
|  Dietary Fiber 1g | 4% | 5% |
|  Sugars 12g | | |
| Protein 2g | | |
| Vitamin A | 10% | 10% |
| Vitamin C | 100% | 100% |
| Calcium | 4% | 6% |
| Iron | 0% | 2% |

*As prepared with 100% Apple Juice, one serving provides 25mg sodium, 29g total carbohydrate (23g sugars).

**Percent Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: MANGOS, STRAWBERRIES, PEACHES, WATER, NONFAT YOGURT (CULTURED PASTEURIZED FAT FREE MILK, FAT FREE MILK SOLIDS), PASSION FRUIT JUICE, SUGAR, CONTAINS LESS THAN 2% OF: ASCORBIC ACID, MODIFIED CORN STARCH, NATURAL FLAVOR, SKIM MILK, STEVIOL GLYCOSIDES, XANTHAN GUM.

CONTAINS: MILK.



# EXHIBIT B

# Strawberries Wild®



| Nutrition Facts | | | |
|---|---|---|---|
| Strawberries Wild® | | | |
| **Serving Size:** 1/2 pouch (113g) 8 fl oz prepared | | | |
| Servings per container: 2 | | As Packaged | % Daily Value** Prepared* |
| Calories | | 60 | 110 |
| Calories From Fat | | 5 | 5 |
| Total Fat 0g | | 0% | 0% |
| Saturated Fat 0g | | 0% | 0% |
| Trans Fat 0g | | | |
| Cholesterol 0mg | | 0% | 0% |
| Sodium 20mg | | 1% | 1% |
| Total Carbohydrates 15g | | 5% | 9% |
| Dietary Fiber 1g | | 4% | 4% |
| Sugars 11g | | | |
| Protein 2g | | | |
| Vitamin A | | 0% | 0% |
| Vitamin C | | 100% | 100% |
| Calcium | | 4% | 4% |
| Iron | | 0% | 0% |

*As prepared with 100% Apple Juice, one serving provides 30mg sodium, 27g total carbohydrate (24g sugars).

**Percent Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: STRAWBERRIES, NONFAT YORGURT (CULTURED PASTEURIZED NONFAT MILK, FAT FREE MILK SOLIDS), BANANAS, WATER, SUGAR, CONTAINS 2% OR LESS OF: MODIFIED CORN STARCH, NATURAL FLAVOR, XANTHAN GUM, STEVIOL GLYCOSIDES, ASCORBIC ACID, CITRIC ACID.
CONTAINS: MILK.



# EXHIBIT C

# Razzmatazz®



## Nutrition Facts

Razzmatazz®

**Serving Size:** 1/2 pouch (113g) 8 fl oz prepared

Servings per container: 2

| | As Packaged | % Daily Value** Prepared* |
|---|---|---|
| Calories | 60 | 110 |
| Calories From Fat | 0 | 0 |
| Total Fat 0g | 0% | 0% |
| Saturated Fat 0g | 0% | 0% |
| Trans Fat 0g | | |
| Cholesterol 0mg | 0% | 0% |
| Sodium 15mg | 1% | 1% |
| Total Carbohydrates 14g | 5% | 9% |
| Dietary Fiber 2g | 8% | 8% |
| Sugars 10g | | |
| Protein 2g | | |
| Vitamin A | 0% | 0% |
| Vitamin C | 100% | 100% |
| Calcium | 4% | 4% |
| Iron | 2% | 2% |

*As prepared with 100% Apple Juice, one serving provides 25mg sodium, 26g total carbohydrate (23g sugars).

**Percent Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: STRAWBERRIES, RASPBERRIES, BLUEBERRIES, NONFAT YOGURT (CULTURED PASTEURIZED NONFAT MILK, FAT FREE MILK SOLIDS), WATER, SUGAR, CONTAINS 2% OR LESS OF: BANANAS MODIFIED CORN STARCH, XANTHAN GUM, STEVIOL GLYCOSIDES, ASCORBIC ACID, CITRIC ACID. CONTAINS: MILK.



# EXHIBIT D

# Orange Dream Machine®

| Nutrition Facts ⊠ | | |
|---|---|---|
| Orange Dream Machine® | | |
| **Serving Size:** 1/2 pouch (113g) 8 fl oz prepared | | |
| Servings per container: 2 | As Packaged | % Daily Value** Prepared* |
| Calories | 90 | 140 |
| Calories From Fat | 15 | 15 |
| Total Fat **1.5g** | 2% | 2% |
| Saturated Fat **1g** | 5% | 5% |
| Trans Fat **0g** | | |
| Cholesterol **10mg** | 3% | 3% |
| Sodium **50mg** | 2% | 3% |
| Total Carbohydrates **15g** | 5% | 9% |
| Dietary Fiber **1g** | 4% | 4% |
| Sugars **13g** | | |
| Protein **4g** | | |
| | | |
| Vitamin A | 4% | 4% |
| Vitamin C | 100% | 100% |
| Calcium | 4% | 4% |
| Iron | 2% | 2% |

*As prepared with 100% Apple Juice, one serving provides 25mg
sodium, 26g total carbohydrate (23g sugars).

**Percent Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: PEACHES, WATER, NONFAT YOGURT (CULTURED PASTEURIZED
FAT FREE MILK, FAT FREE MILK SOLIDS), SKIM MILK, MILK, SUGAR, ORANGE
JUICE CONCENTRATE, CREAM, CONTAINS LESS THAN 2% OF: ASCORBIC
ACID, GELATIN, MODIFIED CORN STARCH, NATURAL FLAVOR, STEVIOL
GLYCOSIDES, VANILLA EXTRACT, XANTHAN GUM.
CONTAINS: MILK.
GLUTEN FREE



# EXHIBIT E

# Mango-a-go-go®





# EXHIBIT F

## AFFIDAVIT OF DANIELLE A. STOUMBOS

I, Danielle A. Stoumbos, declare as follows:

1.      I am an attorney with the law firm Finkelstein Thompson LLP, counsel for Plaintiff Kevin Anderson and the Proposed Class in this action.  I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California.  This declaration is made pursuant to California Civil Code section 1780(d).  I make this declaration based on my research of public records and also upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2.      Based on my research of publicly available records, and as alleged in the accompanying Class Action Complaint, Defendant Jamba Juice Company maintains its principal place of business in Emeryville, California, and conducts business within this Judicial District.

I declare under penalty of perjury under the laws of the United States and State of California this 9th day of March 2012 in San Francisco, California that the foregoing is true and correct.

Danielle A. Stoumbos

## CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of __San Francisco__

On __3/9/12__ before me, __Danielle A. Stoumbos__ ,

personally appeared __Mirna A. Vasquez, notary public__ ,

Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal



MIRNA A. VASQUEZ
Commission # 1937626
Notary Public - California
San Francisco County
My Comm. Expires May 21, 2015