Daniel J. Herling (State Bar #103711)
(herling@khlaw.com)
Michelle Gillette (State Bar #178734)
(gillette@khlaw.com)
Howard I. Miller (State Bar #251878)
(miller@khlaw.com)
KELLER AND HECKMAN LLP
One Embarcadero Center, Suite 2110
San Francisco, CA 94111
Telephone: 415-948-2800
Facsimile: 415-948-2808

David B. Rosenbaum (*pro hac vice* pending)
(drosenbaum@omlaw.com)
James K. Rogers (*pro hac vice* pending)
(jrogers@omlaw.com)
Maureen Beyers (*pro hac vice* pending)
(mbeyers@omlaw.com)
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, AZ 85012-2793
Telephone: 602-640-9000
Facsimile: 602-640-9050

Attorneys for Jamba Juice Company
and Inventure Foods, Inc.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| KEVIN ANDERSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JAMBA JUICE COMPANY; and INVENTURE FOODS, INC., formerly known as The Inventure Group, Inc.,<br><br>Defendants. | Case No. 4:12-cv-01213-YGR<br><br>**CLASS ACTION**<br><br>***MODIFIED*** **STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: March 12, 2012 |

## 1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate, and petition the court, to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.     DEFINITIONS

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: "CONFIDENTIAL" Information (regardless of how it is generated, stored or maintained) or Items shall include any non-public material that the Producing Party reasonably, and in good faith, believes contains or reveals information of a personal nature, including but not limited to, Personal Identifying Information or Personal Health Information as defined by the Federal Trade Commission; trade secrets; confidential research, commercially sensitive information, including but not limited to financial information, product formulations and processes and/or other proprietary or sensitive information or know how that derives its value from secrecy. The parties agree that disclosure of such material to the public would cause the Producing Party, or Non-Parties identified therein, undo annoyance or embarrassment and provide Producing Party's or Non-Parties' competitors with an unfair competitive advantage.

2.3   Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10  Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  Professional Vendors:  persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1    2.13   Protected Material:  any Disclosure or Discovery Material that is designated
2 as "CONFIDENTIAL."
3    2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material
4 from a Producing Party.

5 **3.   SCOPE**

6    The protections conferred by this Stipulation and Order cover not only Protected Material
7 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
8 all copies, excerpts, summaries, or compilations of Protected Material, including, but not limited
9 to notes prepared or derived from Protected Material; and (3) any testimony, conversations, or
10 presentations by Parties or their Counsel that might reveal Protected Material.  However, the
11 protections conferred by this Stipulation and Order do not cover the following information:  (a)
12 any information that is in the public domain at the time of disclosure to a Receiving Party or
13 becomes part of the public domain after its disclosure to a Receiving Party as a result of
14 publication not involving a violation of this Order, including becoming part of the public record
15 through trial or otherwise; and (b) any information known to the Receiving Party prior to the
16 disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the
17 information lawfully and under no obligation of confidentiality to the Designating Party.  Any
18 use of Protected Material at trial shall be governed by a separate agreement or order.

19 **4.   DURATION**

20    Even after final disposition of this litigation, the confidentiality obligations imposed by
21 this Order shall remain in effect until the Designating Party agrees otherwise, in writing, or a
22 court order otherwise directs.  Final disposition shall be deemed to be the later of:  (1) dismissal
23 of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein
24 after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this
25 action, including the time limits for filing any motions or applications for extension of time
26 pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>:  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (*e.g*., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g*., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>for testimony given in deposition(s)</u>, that the Designating Party shall advise opposing counsel of the specific pages to be maintained in confidence, if any, within thirty (30) days after the receipt of the transcript of the deposition, if such request for a "CONFIDENTIAL" designation is not made at or during the deposition.

(c) <u>for testimony given in other pretrial or trial proceedings</u>, that the Designating Party identify on the record before the close of the hearing or other proceeding, all protected testimony.

(d) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>:  If timely corrected, the inadvertent and/or unintentional disclosure by a Producing Party of "CONFIDENTIAL" Information or Items, either by way of document production or by deposition testimony, regardless of whether the information was so designated at the time of disclosure, does not waive in whole or in part the Producing Party's right to secure protection under this Order for such material.  Any such inadvertently or unintentionally disclosed material by a Producing Party not designated as such at the time of its release shall be designated as "CONFIDENTIAL" as soon as reasonably possible

after the Producing Party becomes aware of the erroneous release and shall thereafter be treated in accordance with the provisions of this Order.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>:  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burden, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>:  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>:  If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions.  The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

1          Protected Material must be stored and maintained by a Receiving Party at a
2  location and in a secure manner that ensures that access is limited to the persons authorized under
3  this Order.
4          7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:  Unless otherwise
5  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
6  disclose any information or item designated "CONFIDENTIAL" only to:
7              (a)    the Receiving Party;
8              (b)    the Receiving Party's Outside Counsel of Record in this action, as
9  well as employees of said Outside Counsel of Record to whom it is reasonably necessary to
10 disclose the information for this litigation and who have signed the "Acknowledgment and
11 Agreement to Be Bound" that is attached hereto as Exhibit A;
12             (c)    the officers, directors, and employees (including House Counsel) of
13 the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
14 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
15             (d)    Experts (as defined in this Order) of the Receiving Party to whom
16 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment
17 and Agreement to Be Bound" (Exhibit A);
18             (e)    the court and its personnel;
19             (f)    court reporters and their staff, professional jury or trial consultants,
20 mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this
21 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
22             (g)    during their depositions, witnesses in the action to whom disclosure
23 is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be
24 Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.
25 Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected
26 Material must be separately bound by the court reporter and may not be disclosed to anyone
27 except as permitted under this Stipulated Protective Order.  Any individual not authorized by this
28 Stipulated Protective Order to be a recipient of "CONFIDENTIAL" Information or Items may be

excluded from a deposition while "CONFIDENTIAL" Information is being elicited.

（h） the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Prerequisites to Disclosure:</u> Before disclosing Protected Material to any person listed in paragraph 7.2 (a)-(g) herein who is known, or who reasonably should be known, to be a Competitor (or an employee, officer or agent of a Competitor) of the party that so designated the Protected Material, the Party wishing to make such disclosure shall give at least seven (7) business days advance notice, in writing, to the Party who designated such Protected Material as "CONFIDENTIAL," stating that such disclosure will be made, identifying by subject matter category of the Protected Material to be disclosed, and stating the purposes of such disclosure. If, within the seven (7) business day period, an application is made to the Court objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled on such application. As used in this paragraph, the term "Competitor" means any Non-Party who designs, develops, manufacturers, produces, markets, buys and/or sells products, ingredients or raw materials similar to those designed, developed, manufactured, manufactured, produced, marketed, bought and/or sold by the party who designated the Protected Material.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by

the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving

Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>No Waiver or Admission</u>:  Neither the taking of any action in accordance with the provisions of this Stipulated Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.  Nothing contained in this Stipulated Protective Order, and no action taken in compliance with it, shall: (a) operate as an admission by any party or person that any particular document or information is or is not confidential; (b) operate as a waiver of any claim or defense in this action; or (c) prejudice in any way the right of any party or person to seek a court's determination of whether or not particular documents or information should be disclosed or, if disclosed, whether or not they should be deemed "CONFIDENTIAL" and subject to this Stipulated Protective Order.

12.3 <u>Filing Protected Material</u>:  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13
STIPULATED PROTECTIVE ORDER; CASE NO. CV 12-1213 YGR

12.4 <u>Binding Effect:</u> This Stipulated Protective Order shall be binding upon the parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, employees, agents, independent contractors and other persons or organizations over which they have control.

## 13. **FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Stipulated Protective Order as set forth in Section 4 (DURATION).

This Stipulated Protective Order, insofar as it restricts the communication and use of "CONFIDENTIAL" Information or Items, shall survive and continue to be binding after the conclusion of this action and the Court shall retain jurisdiction over these parties and this matter for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 1, 2012                          OSBORN MALEDON

                                              By: s/ James K. Rogers
                                                 David B. Rosenbaum
                                                 Maureen Beyers
                                                 James K. Rogers
                                                 OSBORN MALEDON P.A.
                                                 2929 N. Central Avenue, Suite 2100
                                                 Phoenix, AZ  85012-2793

                                                 Daniel J. Herling
                                                 Michelle Gillette
                                                 Howard I. Miller
                                                 KELLER AND HECKMAN LLP

Attorneys for Defendant Jamba Juice Company and Inventure Foods, Inc.

Dated: November 1, 2012                          FINKELSTEIN THOMPSON LLP

                                              By: s/Danielle A. Stoumbos
                                                 Rosemary M. Rivas
                                                 Danielle A. Stoumbos
                                                 Finkelstein Thompson LLP
                                                 505 Montgomery Street, Suite 300
                                                 San Francisco, California 94111
                                                 Telephone: (415) 398-8700
                                                 Facsimile: (415) 398-8704

Attorneys for Plaintiff Kevin Anderson

## **ATTESTATION UNDER GENERAL ORDER 45**

I, James K. Rogers, attest that the concurrence in the filing of this document has been obtained from Danielle A. Stoumbos, which shall serve in lieu of their signatures.

                                              By: s/ James K. Rogers
                                                  James K. Rogers

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 14, 2012

_____
Hon. Yvonne Gonzalez Rogers
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Kevin Anderson v. Jamba Juice Company.*, Case No. 4:12-cv-01213-YGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

_____
[signature]

_____
[printed name]

_____
[City and State where sworn and signed]