| | |
|---|---|
| Rosemary M. Rivas (State Bar No. 209147)<br>rrivas@finkelsteinthompson.com<br>**FINKELSTEIN THOMPSON LLP**<br>505 Montgomery Street, Suite 300<br>San Francisco, California 94111<br>Telephone: (415) 398-8700<br>Facsimile: (415) 398-8704<br><br>Marc L. Godino (State Bar No. 182689)<br>mgodino@glancylaw.com<br>**GLANCY BINKOW & GOLDBERG LLP**<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160<br><br>*Counsel for Individual and Representative Plaintiffs* | David B. Rosenbaum (*pro hac vice*)<br>drosenbaum@omlaw.com<br>Maureen Beyers (*pro hac vice*)<br>mbeyers@omlaw.com<br>James K. Rogers (*pro hac vice*)<br>jrogers@omlaw.com<br>**OSBORN MALEDON, P.A.**<br>2929 North Central Ave., Suite 2100<br>Phoenix, AZ 85012-2793<br>Telephone: 602-640-9000<br>Facsimile: 602-640-9050<br><br>*Counsel for Defendants Jamba Juice Company And Inventure Foods, Inc.* |

**FILED**

SEP 0 3 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ANDERSON, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>JAMBA JUICE COMPANY and INVENTURE FOODS, INC., formerly known as The Inventure Group, Inc.,<br><br>Defendants. | Case No. C 12-01213 JST<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING:**<br>**(1) DISMISSAL OF PLAINTIFF KEVIN ANDERSON'S CASE;**<br>**(2) PENDING MOTION FOR CONSOLIDATION; AND**<br>**(3) SETTING OF CASE MANAGEMENT CONFERENCE IN RELATED CASE** |
| ALETA LILLY and DAVID COX, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>JAMBA JUICE COMPANY and INVENTURE FOODS, INC., formerly known as The Inventure Group, Inc.,<br><br>Defendants. | Case No. 13-cv-2998 JST |

JOINT STIPULATION AND [PROPOSED] ORDER
Case No. 2:12-cv-01213 (JST)

WHEREAS, Plaintiff Kevin Anderson filed his original complaint against Jamba Juice Company on March 12, 2012 in the case entitled, *Anderson v. Jamba Juice, Co.*, Case No. C 12-01213 JST ("*Anderson*"). Docket No. 1.

WHEREAS, the Court ordered Plaintiff Kevin Anderson to file his Motion for Class Certification by July 15, 2013 and ordered Defendants to file their opposition by September 20, 2013. Docket No. 78.

WHEREAS, Plaintiffs Aleta Lilly and David Cox filed a complaint against Defendants on June 28, 2013 entitled *Lilly v. Jamba Juice Co. et al*, No. 13-cv-2998 JST ("*Lilly*"). Docket No. 1.

WHEREAS, the Court ordered the *Anderson* and *Lilly* cases related on July 22, 2013. Docket No. 87.

WHEREAS, on July 15, 2013, Plaintiffs' motion for class certification was filed in the *Anderson* action proposing Plaintiffs Lilly and Cox as the Class Representatives. Docket No. 83.

WHEREAS, on July 15, 2013, Plaintiffs Lilly and Cox also moved for an order consolidating the *Anderson* and *Lilly* cases. Docket No. 80.

WHEREAS, on July 29, 2013, Defendants filed their opposition to the motion to consolidate. Docket 89.

WHEREAS, the hearing for Plaintiffs' Motion for an Order Consolidating Cases is currently scheduled for September 12, 2013.

WHEREAS, since July 31, 2013, Plaintiffs' Counsel has been unable to reach Mr. Anderson, as set forth in the accompanying Declaration of Rosemary M. Rivas ("Rivas. Decl."), at ¶ 2.

WHEREAS, Plaintiffs' Counsel has not been able to provide supplemental responses to Defendants' discovery requests nor confirm Plaintiff Kevin Anderson's attendance for the Defendants' noticed deposition, which was scheduled for August 23, 2013. *See* Rivas Decl., at ¶ 3.

WHEREAS, THE PARTIES HEREBY STIPULATE AND AGREE as follows:

1) That, pursuant to Federal Rule of Civil Procedure 41(b), the Court enter an order dismissing the *Anderson* action, with each party bearing their own costs. The dismissal is without prejudice as to Plaintiff Anderson's ability to participate in any proposed class action as a class member, or the ability of any other proposed class member to bring a class action.

2) That the Court enter an order providing that the motion to consolidate the *Anderson* and the *Lilly* matters scheduled for September 12, 2013, is moot and should be vacated.

3) That the Court enter an order providing that the motion for class certification currently set for December 5, 2013 in the *Anderson* action is moot and should be vacated.

4) That the Court enter an order providing that the case management conference scheduled in *Anderson* for October 23, 2013 is moot.

5) That the Court enter an order providing that the case management conference currently set for the *Anderson* case for October 23, 2013 be vacated and reset at the same date and time to discuss case management of the *Lilly* case, including among other things, the re-filing of the motion for class certification in *Lilly* and a briefing schedule for the motion.

DATED: September 3, 2013     **FINKELSTEIN THOMPSON LLP**
                             By: /s/ Rosemary M. Rivas
                                 Rosemary M. Rivas

                             *Counsel for Plaintiff Kevin Anderson*

                             **OSBORN MALEDON**

DATED: September 3, 2013     By: /s/ Maureen Beyers[1]
                                 Maureen Beyers

---

[1] Attestation under General Order 45, I, Rosemary M. Rivas, attest that the concurrence of the filing of this document has been obtained from Maureen Beyers, which shall serve in lieu of her signature.

3
JOINT STIPULATION AND [PROPOSED] ORDER
Case No. 2:12-cv-01213 (JST)

*Counsel for Defendants Jamba Juice Company and Inventure Foods, Inc*

# [PROPOSED] ORDER

Based on the foregoing stipulation and good cause being shown, the Court hereby GRANTS the parties' Stipulation Regarding: (1) Dismissal of Plaintiff Kevin Anderson's individual claims; (2) Pending motion for consolidation; and (3) Setting of case management conference in related case. The Court hereby orders as follows:

1) The action entitled, *Anderson v. Jamba Juice, Co.*, Case No. C 12-01213 JST is hereby dismissed pursuant to Federal Rule of Civil Procedure 41(b), with each party bearing their own costs. The dismissal is without prejudice as to Plaintiff Anderson's ability to participate in any proposed class action as a class member, or the ability of any other proposed class member to bring or participate in a class action;

2) The motion to consolidate scheduled for September 12, 2013, is moot and the hearing thereon is vacated;

3) The motion for class certification currently scheduled for December 5, 2013 in the *Anderson* action is moot and the hearing thereon is vacated; and

4) The case management conference currently set for the *Anderson* matter on October 23, 2013 is vacated, and reset at the same date and time to discuss case management of the *Lilly* case, including among other things, the re-filing of the motion for class certification in *Lilly* and a briefing schedule for the motion.

**IT IS SO ORDERED.**

Date: 9/3/13

Hon. Jon S. Tigar
United States District Court Judge